7/20    CC-45

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

_Stacey Tillma_

Vs.    Case No. _____

_The Outreach Community Health Center, et al_
_Ste- Chem Secretary, et al_
_210 N. Capitol St Suit #2_
_Milwaukee, Wis. 53212_

FILE STAMP

AGENT FOR STATE PROCESS SERVICE, INC.
Time of Service _1:25_ am/(pm)
Date of Service _6/24/14_
Served upon: _Myra Savage_

SUMMONS

[ ] Personal Service  [ ] Substitute personal service
[X] Corporate Service  [ ] Posting

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is attached, or otherwise file your appearance in the Office of the Clerk of this Court **Winnebago County Courthouse**, room _101_, **400 W. State Street, Rockford, IL**, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

This case is set for a Case Management Conference in courtroom _412_ on _September 3, 2014_ at _9:00_ AM/PM. **FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

To the Officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its issuance.

Witness _June 16_, 20 _14_

_Thos. A. Klein_
Clerk of the Circuit Court

By _____ Deputy

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

Name _____

Attorney for _____

Address _____

City/State/Zip _____

Telephone _____

Date of Service _____, 20 ____
(To be inserted by officer on copy left with the employer or other persons)

If you have a disability that requires an accommodation to participate in Court, please contact the Court Disability Coordinator at 815-319-4806.

CC-45

7/20

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO

Attorney Tillman _____

Vs.

She Chem Industry _____
211 W Capital St Suit # 2 _____
Milwaukie, W.S  53212 _____

Case No. 2014 L 117

FILE STAMP

AGENT FOR STATE PROCESS SERVICE, INC.
Time of Service _____
Date of Service _____
Served upon _____

**SUMMONS**

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is attached, or otherwise file your appearance in the Office of the Clerk of this Court **Winnebago County Courthouse**, room ____, **400 W. State Street, Rockford, IL**, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

This case is set for a Case Management Conference in courtroom ___412___ on ___September 3, 2014___ at ___9:10___ AM/PM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

**To the Officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its issuance.

Witness _____ June 10, 2014

Thomas A Klein
Clerk of the Circuit Court

By _____ Deputy

(Plaintiff's attorney or plaintiff if he is not represented by an attorney)

Name _____
Attorney for _____
Address _____
City/State/Zip _____
Telephone _____

Date of Service _____, 20___
(To be inserted by officer on copy left with the employer or other persons)

If you have a disability that requires an accommodation to participate in Court, please contact the Court Disability Coordinator at 815-319-4806.

AFFIDAVIT

STATE OF MISSOURI

s.s.

COUNTY OF COLE

Now comes the plaintiff, Stanley Tillman, and does state that the information herein is true and to the best of his knowledge;

1. That I am Stanley Tillman and I am currently incarcerated in the Missouri Department of Corrections at Algoa Correction Center for a term of 3 years for unrelated matter that occurred in 2011;

2. That I am the affiant in the cause herein of the damages and injuries substained as proximate cause of the named Defendants Negligencet Medical Malpractice and breach of Duty that occurred April 23, 2013 - May 1, 2013;

3. That I the affiant has consulted with and reviewed the facts of this cause with 3 different Health Professionals, (Viwathna Bhuthmethee, M.D., Alfred Garcia, M.D. and Deniece Jordan, Nurse-Practioner, who all reasonably believes and is knowledgeable in the issues involved in this particular action and all who have practiced and prescribed medication for patients for over the last 6 years, and therefore are qualified by experience and demonstrated competance.

4. That Viwathna Bhuthemethee M.D. is licensed physician to practice medicine in all branches and to also write prescription medication for patients and is very familiar with the medice described in my complaint, it doseage and the dangers and consequences of this medication if patient is not fully informed of its effects, thhe proper and correct manner of useage and the correct time cylce for the taking of this medicine. (Diovan 320mgs)

5. That I have concluded on the basis of the reviewing health professionals review and consultation that there is reasonable and meritorous cause for the filing of this complaint/action.

6. That I believe I was victim of Medical malpractice and Negligence and I am seeking justice and damages by filing of this action.

Respectfully submitted,

Stanley Tillman

Subscribed to and Sworn before me on the 13 day of May, 2014

My Commission Expires 4-23-2018

Notary Public

IN THE CIRCUIT COURT OF
WINNEBAGO COUNTY
STATE OF ILLINOIS

FILED
Date: 6/2/14
_James A. Klein_
Clerk of the Circuit Court
By ___OAS___ Deputy
Winnebago County, IL

STANLEY TILLMAN
2024 Country Club Drive
Alton, Illinois 62002

    Plaintiff

CASE NO. 2014 L 167

COMPLAINT AND PLEADING

vs.

MICHAEL WEINSTEIN, M.D.
210 W. Capitol St. Suite #2
Milwaukee, Wisconsin 53212
(414)727-6320

The Outreach Community Health Center
210 W. Capitol St.
Milwaukee, Wisconsin 53212
(414)727-6320

SUE CHEM, SECRETARY
210 W. Capitol St. Suite #2
Milwaukee, Wisconsin 53212
(414)727-6320

    Defendant,

---

Now comes the Plaintiff, Stanley Tillman, in pro se and pursuant to Illinois statutes 1988 and 1988V(B) and any other statutes that may be applicable pertaining to Medical Malpractice, Negligence, Breach of duty and Misrepresentation does assert that the defendants individually and collectively did conspire and assist one another in committing Medical Malpractice and negligence by failing to provide the plaintiff with the proper standard of care in treatment, failing to uphold the existance of duty owed to the plaintiff in treatment by them and they breached that duty and as result of their actions, the plaintiff lost consciousness while driving from the medication recklessly and maliciously given to him by the defendants and suffered a crash

ORIGINAL

that occurred on May 1, 2013, in which the plaintiff sustained permanente and severe injuries including a broken right femur bone, which required the permanent insertion of metal rod in plaintiff's right leg, a fractured right hip and fractured jaw bone, total loss of his vehichle, substantial hospital and medical bills including significant surgeries. In addition, the plaintiff suffered severe emotional and physical trauma and it is these damages and injuries that the plaintiff is seeking and demanding a trial for and seeking monetary damages in excess of over $50,000.00 in compensatory and punitive damages as result of the defendant's negligence in this cause. As required by Ill.S.Ct. R. 222(B), a affidavit stating he is seeking damages in excess of $50,000.00 is attached herein. The Defendant's Dr. Michael Weinstein, The Outreach Community Health Center and it's Pharmacy, and Secretary Sue Chem indiviually and collectively were negligent and committed wantom and willful misconduct upon the plaintiff on April 23, 2013, by giving the plaintiff the drug "Diovan 320mgs.", which was not the plaintiff prescription and may been another patients prescription medication, and failing to provide the plaintiff with the required information about this drug, failing to give the plaintiff the required instructions and warnings and cautions concerning the useage and correct manner in the taking of this very potent drug. The A.M.A (American Medical Association recommended "standard of Care", for the useage of this Diovan Medication for 1st time user is "20mgs.", and the Defendant, Michael Weinstein M.D. gave the plaintiff 16 TIMES that doseage on the 1st and only time he had treated the plaintiff for hyper-tension(High Blood Pressure)and it is that medication and Dr. Weinsteins Negligence of giving that amount of doseage of that drug that is the proximate cause of the plaintiff's loss of consciousness

while driving on May 1, 2013 and the resulting crash, damages and injuries in this cause. The Plaintiff humbly requested and demands for jury trial in this cause and justice in this matter.

Respectfully submitted,

*[signature]*

Mr. Stanley Tillman
2024 Country Club Drive
Alton, Illinois 62002
(618)462-5821/(314)299-3078

## VENUE AND JURISDICTION

Pursuant to Ill.st.ch.73545/2-101SS2, this Honorable Court does have and retains both venue and jurisdiction in this cause because the accident, subsequent injuries, damages, medical treatment, surguries and hospitaliztion of the plaintiff that occurred as result of the defendants Medical Malpractice and negligent acts occurred on May 1, 2013, after the plaintiff had taken this drug Diovan 320mgs. that was given to him by Dr. Weinstein and resulting crash occurred on the Illinois Tollway, on St. Rt. 39/43 South, outside of the city of Rockford, illinois, which is located in the County of Winnebago, Illinois, on or about the 17.25 milemarker on Tollway Southbound. The Plaintiff asserts that on May 1, 2013, after taking this drug that the Defendant's recklessly and negligently gave to him on April 23, 2013, the plaintiff suffered "excessive hyper-tension" or in other words after the taking of this medication, the plaintiff blood pressure sank so low as to cause him to lose consciousness and to crash into a tree substaining injuries and damages in Winnebago County, Illinois.

## BACKGROUND AND COMPLAINT

This cause and complaint originated from the plaintiff's visit to defendant, Outreach Community health Center on april 23, 2013, to have his prescription for "lipsincril 20 mgs.", re-written and filled. This is the medication that plaintiff had been taking for more than 3 years for his condition of High Blood Pressure or Hyper-tension. Once at the Health center, the plaintiff was seen and treated by defendant, Dr. Michael Weinstein and his empty packet was given to him of the lipsincril 20 mgs. Dr. Weinstein then told the plaintiff that he was changing his medication from lipsincril 20 mgs. to a drug called "Diovan 320 mgs." and he then wrote the plaintiff a prescription for that medication and told him to go upstairs to the Outreach Health Center's Pharmacy and have that prescription filled. Defendant, Dr. weinstein did not give the plaintiff any other informations or instructions about this drug whatsoever. The plaintiff then went upstairs to the pharmacy and was told that the pharmacy no longer dispensed this particular medication and to return back to Dr. Weinsteins office for further instructions from him. Upon returning to Dr. weinstein's office, plaintiff was told by both defendant's Dr. Weinstein and Sue Chem that Dr. Weinstein would get him the medication, Diovan 320 mgs. and to wait in lobby. In 15 minutes, the plaintiff was called back to examining room, where defendant, Dr. Weinstein personally handed the plaintiff a "bottle" of medication, which had the label partially torn off to obscure the name, on it and was told this was "Diovon 320 mgs. and to take 1 a day. No other information or advisement was given by the Defendant's and there was no attached or accompanying information with this bottle of medication

2

and defendant, Dr. Weinstein, was negligent for failing to advise the plaintiff of the dangers, side effects, potency and correct manner and cyle of useage for this potent medication. On May 1, 2013, the plaintiff took 1 of these pills from this bottle given to him by Dr. Weinstein, that he said were Diovan 320 mgs. and 1 hour later in Winnebago County, lost complete consciousness and ran into a tree, suffering the severe and permanent injuries listed herein. Plaintiff was then taken to Rockford Mercy Hospital for treatment and all manner of tests were done on him but once the treating physician there found the Diovan 320 mgs in his system, he immediatley concluded that it was the cause and proximate cause of the plaintiff sudden loss of consciousness and the subsequent resulting crash into the tree on May 1, 2013. It is the plaintiff, Stanley tillman's contention the Defendant, Michael Weinstein committed Medical Malpractice and breach of duty and that Defendants outreach Community health Center and Secretary Sue Chem, individually and colectively did with wanton recklessness, misconduct, misrepresentation of medication by assisting Dr. Weinstein in the obtaining and dispensing of this medication when they knew it was not the plaintiff's prescription and for failing to advise the plaintiff of this medicines consequences and dangers to users.
Both the American Medical association and the 2013-2014 Physicians Desk Reference recommend and determine that the proper standard of care for 1st time user for the drug of Diovan is 20mgs. In addition they list that this medication can cause upon some patients the side effects of "Excessive Hyper-Tension", which may lead to dizziness, fatigue, and the dropping of the bodies blood pressure so low as to cause unconsciousness and some instances even death.

3

They go on to state that because of those potential adverse effects upon the bodies system, the prescribing and taking of this drug must be monitored and done in gradual manner to determine the affect upon the patients body system. the plaintiff had been taking lipsincril 20 mgs. and this was the very 1st time Dr. Weinstein had treated the plaintiff. The proper standard of care should have been 1st, a increase in doseage of lipsincril to 40mgs. If after that, Diovan was necessary then the doseage of this medication shguld been 80 mgs. for 1st time user of that medicine. Dr. weinstein committed Medical Malpractice and Breach of Duty for failing to be in compliance at the time his medical service and treatment of plaintiff was rendered. Defendant, Dr.Weinstein Breached the standard of care and it is that breach/negligence that is the proximate cause of the plaintiff's sudden loss of consciousness on May 1, 2013 and the subsequent crash, injuries and damages. This defendant's negligence more probably than not caused the plaintiff's sudden blackout and crash on May 1, 2013. The Outreach Community Health Center and it's adjoining Pharmacy are vicarously liable under an apparent agency theory for the negligent conduct of Dr. Weinstein because a Doctor working as independant contractor or employee and this defendant held itself responsible for a provider of medical care without informing the plaintiff that this care was provided by independant contractors. The form that plaintiff signed as consent for treatment did not establish anything because plaintiff, at time of signing, did not even know who or what physician would be treating him. the health Center acted in a manner to lead a reasonable person or the plaintiff to conclude that defendant Dr. Weinstein,was a employee or agent of that Center by allowing that defendant to treat

4

The Outreach Community Health Center and it's pharmacy are negligent and liable under the doctrine of apparent authority in this cause because the clinic/Center acted in manner to lead a reasonable person or plaintiff to conclude that Dr. Weinstein, who was negligent, was employee or agent of that Center by allowing the defendant, Dr. Weinstein to treat patients and write perscriptions creating the appearance of authority which the Center had knowledge of and acquiesced in his actions and the plaintiff acted in reliance upon upon the defendant/agent Dr. Weinstein and their pharmacy believing and thinking it was consistant with ordinary care and prudence. therefore the Plaintiff asserts that:

1. Defendants Michael Weinstein, M.D. and The Outreach Community Health Center(Pharmacy)were negligent and committed willful and wantom misconduct by giving the plaintiff the prescription medication of another patient;

2. Defendant Michael Weinstein was negligent and committited medical malpractice by giving and issueing to plaintiff persciption medicine alleged to be Diovon, 320 mgs. that were prescribed for another patient;

3. Defendant, michael Weinstein committed medical malpractice and was grossly negligent for failing to inform plaintiff of the nature of drug Diovon, the dangers/consequences of that amount of that doseage he gave to plaintiff or the dangers/side effects of that drug including the possibility of that it could lower his blood pressure to low and cause blackout/unconsciousness;

4. Defendant, Michael Weinstein, M.D. was negligent and committed reckless and wantom misconduct by failing and omitting the nature of Diovon, 320 mgs. and instructions for it's useage and this

5

negligence and omission were the cause of the plaintiff's crash, injuries medical expenses and damages on May 1, 2013;

5. defendant, Outreach Community Health center was negligent and did breach it duty to plaintiff by providing Dr. Weinstein with someone else prescription medicine that was dispense and given to the plaintiff by dr. Weinstein;

6. Defendant, Outreach Community Center was negligent in failing to properly train and supervise it's pharmacy staff not to dispense subscription medicine to a Dr. or patient if it was not theres;

7. Defendant, outreach Community Health Center and its pharmacy were negligent and are liable for product liability for failing to give thew plaintiff with information about the drug, Diovon 320 mgs which provided Dr. Weinstein and failing to warnmthe plaintiff dangerous effects, side effects and propensities of that medication;

8. Defendant, Dr. Michael Weinstein was negligent and committed misrepresentation by giving to and dispensing to the plaintiff medication alleged to be Diovon 320 mgs and medication that was not the plaintiffs prescription medication but someone else's;

9. Defendant, dr. Weinstein was negligent and committed medical malpractice by failing to properly and correctly inform the plaintiff of the instructions on the correct a proper way and manner to consume thje medication, Diovon 320 mgs. and the correct "cycle of time", in which this potent of medication must be taken;

10. Defendant, Michael Weinstein committed willful negligence by failing and breaching his duty to the plaintiff, by giving him Diovon 320 mgs. a severe doseage of that medicine, that ultimetly caused the plaintiff to lose consciousness and suffer severe injuries caused by that breach;

6

WHEREFORE, the plaintiff submits that for the foregoing reasons and claims he is requesting and demanding of this Honorable Court a jury trial and compensations and damages in form of in excess of over $50,000.00 restitution of medical and dental expenses and costs and all other compensation this Honorable Court may deem he is entitled to in this cause.

Respectfully submitted,

*/s/ Stanley Tillman*

### AFFIDAVIT

I, Stanley Tillman do hereby say and state that the facts that are stated herein are correct and true to best of my knowledge under the penalty of perjury.

*/s/ Stanley Tillman*

Sworn to and subscribed before me on 2 day of April, 2014

*/s/ Julie Koenigsfeld*
Notary Public

My Commission Expires 4 8 2014



## AFFIDAVIT

STATE OF MISSOURI

                       SS

COUNTY OF COLE

Now comes the Plaintiff, Stanley Tillman, in pro se, and does say that he is seeking damages and monetary damages in excess of $50,000.00 for the damages and injuries and medical bills and costs substained in the crash that occurred May 1, 2013, in Winnebago County, Illinois, and which is the cause of the complaint and action being taken as to the negligent actions that he asserts caused that crash. The plaintiff, stanley tillman does state that the information herein is true to best of his knowledge.

Respectfully Submitted,

*[signature]*
Stanley Tillman

### NOTARY PUBLIC

Subscribed to and sworn before me on this 13 day of May, 2014.

*[signature]*
Notary Public

My Commission Expires 4-23-2018

JULIE KOENIGSFELD
Notary Public - Notary Seal
State of Missouri, Cole County
Commission # 14050346
My Commission Expires Apr 23, 2018

## MEDICAL REPORT

I, Viwathna Bhuthmethee M.D., a licensed general practice health professional in the State of Illinois for over 10 years and a health professional who has prescribed medication for the treatment of Hyper-tension(High Blood Pressure), do hereby conclude and determine that the plaintiff in this cause, Stanley Tillman, does have a reasonable and meritorous cause for the filing of Medical Malpractice and negligence in this matter.

I have reviewed the medical history, medical facts and other relevant materials concerning the treatment and medication given to Stanley Tillman on April 23, 2013 and the subsequent medical records after the crash on May 1, 2013 and descriptions of what occurred prior to and during that crash. Based upon my review and professional knowledge I have determined that Stanley Tillman does have a reasonable and meritorous cause for Negligence and Medical Malpractice for the following reasons:

1. The medication that Stanley Tillman has stated that was given to him by Dr. Weinstein on april 23, 2013 and that he took 1 hour prior to the crash is Diovan 320 mgs. is very potent medication. That exteeme amount of doseage of this medication(320mgs.)should not have been prescribed to a patient with high blood pressure who had been taking and prescribed "lipsincril 20 mgs.", for the past 3 years as treatment. the DIOVAN 320 mgs. is very dangerous doseage of this medicine because it can act upon some patients body systems and vital in very adverse way and can cause a very low blood pressure level and in some instances that blood pressure level can drop so low as to cause "unconsciousness", "blackouts" and parylze body functions. the 320 mgs. is the highest doseage of that medication and extreme caution and specific instructions about the drug, it's correct useage and consequences must be given and advised to a patient before this medication is dispensed. As stated, for patient such as Stanley Tillman's medical history and medical treatment of lipsincril 20 mgs., to increase/change that medication to Diovan 320mgs. without instruction and the information about this drug can be callous and negligent by that physician. the correct standard of care would have been to first

Cont. Pg- 2

to increase the patients doseage of Lipsinoril to 40 mgs., then to monitor and check if that increase brought the blood pressure levels down over 2 to 3 weeks and then if the blood pressure levels/numbers remained high after that time then to possibly start the patient on the medication of Diovan, but at very low doseage of 25-50 mgs. and to again monitor and check this medication affect upon the patients body functions and vitals over 3-4 weeks and to instruct and caution the patient of the dangers and side effects they may experience while taking this medication. To immediatley start a patient out on Diovan 320 mgs. on the first visit/treatment and fail to advise and caution the patient of dangers, risks and side effects of this drug is negligent treatment and can be very dangerous to the patient in many instances and especially while driving as is the case in Stanley tillman's cause AND resulting crash and injuries.

2. It is my opinion, that after reviewing the records, descriptions and other relevant materials in this cause that the Outreach Community Health Center and Sue Chem, Dr. Weinstein's Secretary alos were negligent and contributed to the Medical Malpractice involving the 'Diovan 320 mgs.", that Dr. Weinstein gave to Stanley Tillman by conspiring to provide Dr. Weinstein with the bottle of this medication he gave Stanley Tillman and for failing to comply with federal and state healthcare statutes and laws concerning the dispensing of prescription medication and for not providing Stanley Tillman with the required drug information and instruction about the drug and it's useage. If the Health Centers pharmacy did nto carry or dispense the Diovan 320 mgs. medication, then Stanley Tillman should been directed to another pharmacy that did. Obviosly, this bottle of Diovan 320 mgs. that was given to Mr. Tillman, which had the patient's name/label torn off was not the prescribed medication of Stanley tillman.

3. After further reviewing of the relevant materials and account and description of what occurred on April 23, 2013, it appears that Dr. Weinstein, in treating stanley Tillman, by changing his medication to Diovan 320 mgs. on his first visit, also wrote a prescription for Diovan 320 mgs. for Stanley Tillman and this prescription was NOT filled by any pharmacy that day. So the

Cont./pg.3

Outreach Community Health Center and it's pharmacy and Sue Chem, Dr. Weinstein's Secretary and any others, who knowingly assisted in the acquisition and dispensing to Dr. Weinstein, the pills/drugs he gave to Stanley Tillman on April 23, 2013, also contributed to Medical Malpractice and may have violated Federal and State statutes and regulation for the dispensing of prescription drugs, and for failing to provide Stanley Tillman with the required drug information, drug instructions for useage and the required warnings of the drugs side effects, dangers and consequences of misuse and proper doseage. In all prescription informations about diovan, the recommended starting doseage of this medicine is 80mgs. Death, Excessive Hypertention, dizziness, heart failure, and fatigue are the major dangers and side effects that were failed to have been given to Stanley Tillman in this cause.

For the foregoing reasons I have determined that a reasonable and meritorous cause exists for Stanley Tillman, to file this cause of action against Dr. Michael Weinstein, Outreach Community Health Center and it's adjoining pharmacy and Secretary, Sue Chem.

Yours Truly,

*[signature]*

Viwathna Bhuthmethee, M.D.
Walk In Clinic
1350 east Broadway
Alton, Illinois
   62002

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY, that an exact copy of the foregoing Pleading/Complaint was sent to the defendants. Michael Weinstein M.D. 210 W. Capitol St. Suite 2, Milwaukee, Wisconsin 53212, The Outreach Community Health Center(Pharmacy), also at 210 W. Capitol St., Milwaukee, Wisconsin 53212, and Sue Chem, 210 W. Capitol St., Milwaukee, Wisconsin 53212, via regular U.S. Mail and all affidavits/attachments on the 16th day of MAY, 2014.

Respectfully,

Stanley Ellman,
2024 Country Club Drive
Alton, Illinois 62002